UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFMETRY LLC, | No. 1:22-cv-01075-DJC-JDP |
| Plaintiff/ Counterdefendant, | |
| v. | ORDER |
| MESSAGE IN A BOTTLE, INC., | |
| Defendant/ Counterclaimant. | |

Pending before the Court is a motion brought by Plaintiff Infmetry LLC to amend its complaint and add a new claim to cancel and declare Defendant's service mark invalid due to genericness. (ECF No. 46.) This claim is brought almost a year after the deadline to amend, and so the proposed amendment will be analyzed under Federal Rule of Civil Procedure 16. Having considered the Parties' briefings and arguments, the Court DENIES Plaintiff's Motion to Amend.

**BACKGROUND**

Plaintiff Infmetry, LLC, an e-commerce retail company, has sued Defendant Message in a Bottle, a company specializing in personalized gifts, alleging that

Defendant improperly asserted that Plaintiff had infringed its trademark, resulting in its products being removed from Amazon.com. (*See generally* (Compl. (ECF No. 1)).) Defendant owns a trademark for the service mark "message in a bottle" as used in "written communication services, namely the telephonic, electronic, or mail receiving of text, the recording of text utilizing print media, and arrangements for delivery of the recorded text to others." (*Id.* ¶ 20.) Besides the service mark, Plaintiff alleges Defendant has no other trademark registrations for this phrase. (*Id.* ¶ 21.) Plaintiff used the phrase "message in a bottle" to market its product, Capsule Letters kits, on its Amazon.com store. (*Id.* ¶ 13.) These Capsule Letter kits are small pieces of paper in which an individual can write a message that is stored in a capsule. (*Id.* ¶ 2.) The capsules can then be stored within a larger corkable glass bottle. (*Id.*) On July 13, 2022, Plaintiff alleges that Defendant improperly asserted its service mark to Amazon, which led to the removal of Plaintiff's "message in a bottle" products from Amazon.com. (*Id.* ¶ 22.)

Plaintiff filed suit against Defendant on August 24, 2022 alleging (1) declaratory judgment for no likelihood of confusion, trademark infringement, or unfair competition; (2) unfair competition for misrepresenting its trademark registration; (3) trade libel for making false representations; (4) interference with economic advantage; and (5) unfair business practices. (*Id.* ¶¶ 25–56.) Defendant filed a countercomplaint against Plaintiff on December 8, 2022, alleging (1) federal trademark infringement; (2) federal unfair competition; (3) state unfair competition; and (4) common law trademark infringement and unfair competition. (Def.'s Answer to Compl. and Countercl. (ECF No. 10) ¶¶ 20–34.)

Following the initial scheduling conference, a Scheduling Order issued, which set June 30, 2023 as the deadline to amend. (Scheduling Order (ECF No. 21) at 2–3.) On May 8, 2024, Plaintiff filed the present Motion to Amend under Federal Rule of Civil Procedure 15 to add a new claim against Defendant for the cancellation and declaration of invalidity of registration for genericness. (Mot. to Amend (ECF No. 46)

at 3; *see also* Proposed Am. Compl. (ECF No. 46) ¶¶ 57-62.) Due to extensive settlement discussions and Defendant's change of counsel, Plaintiff alleges that Defendant delayed in providing its document production to Plaintiff's second set of discovery requests until May 2024. (Mot. at 5.) Plaintiff alleges this document production made it aware of the new claim. (*Id.* at 5-6.) Without these documents, Plaintiff alleges it could not determine or retain an expert to survey whether Defendant's service mark was generic. (*Id.* at 9-10.) Plaintiff alleges this motion was presented "[i]mmediately upon receiving the expert's opinion." (*Id.* at 10.) On May 23, 2024, Defendant opposed Plaintiff's amendment, arguing Plaintiff failed to meet the requirements for amendment under both Federal Rules of Civil Procedure 15 and 16. (Opp'n (ECF No. 47) at 1-10.) Plaintiff did not file a reply.

The Court held oral argument on July 18, 2024, with Wei Wang appearing for Plaintiff and David Randall appearing for Defendant.

**DISCUSSION**

**I.    Rule 16**

**A.  Legal Standard**

The scheduling order set June 30, 2023 as the deadline for leave to amend. (Scheduling Order at 2-3.) Because this deadline passed, the Rule 16 good cause standard applies. Fed. R. Civ. P. 16(b)(3)-(4).

Federal Rule of Civil Procedure 16(b) states that the court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once established, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable

scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Rule 16(b)'s good cause standard is viewed more stringently than Rule 15. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). The moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16." *Id.* Only if good cause is found will the court then evaluate whether the amendment is proper under Rule 15's liberal standard. *Johnson*, 975 F.2d at 608.

**B. Analysis**

**1. Good Cause Under Rule 16**

The Court finds that Plaintiff cannot satisfy Rule 16's good cause standard because it was not diligent in bringing the proposed amendment after a nine-month delay. Although "[a]llowing parties to amend based on information obtained through discovery is common and well established," *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. 2:05-cv-583-LKK-GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006), the diligence inquiry under Rule 16(b) focuses on the time between the discovery of new fact and the moving party seeking leave to amend. *See, e.g.*, *Johnson*, 975 F.2d at 609–10 (denying leave to amend because the moving party knew the information beforehand but failed to bring a claim until four months after the deadline).

Defendant argues Plaintiff was aware of the proposed claim at least two years ago when Plaintiff filed its original complaint because Plaintiff described "message in a bottle" as a "descriptive or generic phrase." (Opp'n at 5; *see also* Compl. ¶ 1.) Defendant also argues Plaintiff knew of the proposed claim at least nine months ago

4

when Plaintiff served responses to Defendant's interrogatories because the language used in Plaintiff's proposed amended complaint is identical to its interrogatory responses. (Opp'n at 4–7; *see also* Def.'s Ex. A (ECF No. 47) at 9–10.) Plaintiff's response to Defendant's Interrogatory No. 5 explains that the use of the phrase "message in a bottle" was generic because the phrase "has been used by numerous third parties on the internet, including the Amazon.com platform, to describe products that are messages in a bottle." (*Id.*) This is similar to the language in the proposed amended complaint, which explains the phrase is generic because "'message in a bottle' has been used by numerous third parties on the internet, including the Amazon.com platform, to describe products that are messages in a bottle." (Proposed Am. Compl. ¶ 59.) This suggests that Plaintiff was aware of the information which would support the proposed cause of action at least nine months ago. *See, e.g.*, *McAfee v. California*, No. 1:07-cv-00577-OWW-GSA, 2008 WL 1901338, at *3 (E.D. Cal. Apr. 28, 2008) (denying leave to amend because the moving party did not contest prior knowledge of the amendment and waited eight months after the scheduling order deadline).

Plaintiff declined to file a reply and thus has not addressed Defendant's argument regarding the original complaint or use of the identical language in its discovery responses. In Plaintiff's original motion, Plaintiff argues that the information about the mark's generic nature was only recently discovered from the Defendant's document production in May 2024. (Mot. at 9–10.) However, Plaintiff fails to explain what new fact was discovered or why this information was not previously known. *See also Nelson v. Chase*, No. 1:21-cv-00135, 2023 WL 1420032, at *4 (D. Utah Jan. 31, 2023) (denying a motion to amend where plaintiff failed to "specify which facts constitute 'new information' or how that information was unavailable or unknown previously."). Plaintiff also fails to explain why the recently discovered information justifies the delayed amendment where from the face of the operative complaint Plaintiff already had sufficient knowledge for the basis of its claim. *See, e.g.*, *Miceli v.*

5

*JetBlue Airways Corp.*, 914 F.3d 73, 86–87 (1st Cir. 2019) (denying leave to amend because the moving party "failed to show that new evidence justified the substantial delay in bringing" its claim).

For these reasons, the Court holds that Plaintiff did not act diligently and has not met the good cause standard under Rule 16(b).  Accordingly, Plaintiff's Motion to Amend is Denied.

## CONCLUSION

A finding of good cause under Rule 16 is a threshold requirement to amend a Complaint beyond the time permitted in a scheduling order.  "[Rule 16] was designed to allow the district court to manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial." *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).  "To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* (internal quotation marks omitted).  Here, Plaintiff does not even address Rule 16, let alone meet the good cause standard.

Accordingly, IT IS HEREBY ORDERED Plaintiff's motion is DENIED for failing to meet the good cause standard under Federal Rule of Civil Procedure 16.

IT IS SO ORDERED.

Dated:  **July 19, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6